CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
AUG 0 4 2005
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CLEOFAS MARIANO-DAIZ,<br>Petitioner, | ) ) ) | Case No. 7:05cv00195 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>Respondent. | ) ) ) ) | By: Jackson L. Kiser<br>Senior United States District Judge |

Petitioner Cleofas Mariano-Daiz, a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. Petitioner claims trial counsel was ineffective. The respondent has filed a response and a motion to dismiss petitioner's motion. Under the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984), I find that Mariano-Diaz has failed to show that but for his counsel's alleged error the outcome of his proceeding would have been different and, thus, that his claims are meritless. Therefore, I will grant the respondent's motion to dismiss.

I.  **Procedural History and Current Claims**

On January 5, 2004, petitioner plead guilty to conspiracy to distribute more than 500 grams of cocaine. The United States Probation Office prepared a pre-sentence investigation report which made a sentencing recommendation of 78-97 months. The recommendation was based on drug weight and petitioner's prior criminal history, which consisted solely of two convictions in 1994 for driving under the influence and possession of marijuana. Counsel did not file any objections to the pre-sentence report. On April 24, 2004 petitioner was sentenced to 78 months. He did not appeal his conviction.

On April 8, 2005 Mariano-Diaz filed the instant petition, which the court construes as raising

the following ground for relief: Petitioner was denied effective assistance of counsel because counsel failed to object to the inclusion of the two deferred 1994 convictions in the pre-sentence report.

**II.    Analysis**

Mariano-Diaz claims that counsel was ineffective because he failed to object to the inclusion of two previous convictions on his pre-sentence report. Petitioner claims that those charges had been deferred in 1994 and were therefore improperly included as previous convictions in the pre-sentence investigation report. To succeed on a claim of ineffective assistance of counsel under the Sixth Amendment, Mariano-Diaz must satisfy the two prong test announced in Strickland v. Washington, 466 U.S. 668, 669 (1984); see also Williams v. Taylor, 529 U.S. 362 (2000). First, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. Id. at 687-88. The petitioner must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. Id. at 689 (holding that defendant must overcome presumption that, "under the circumstances, the challenged action might be considered sound trial strategy"). In evaluating counsel's performance, the court must be highly deferential to counsel's strategic decisions, avoiding the distorted effect of hindsight. Id. at 688-89.

Even if he shows that counsel performed incompetently, the petitioner is not entitled to habeas relief unless he can satisfy the second Strickland prong by showing that counsel's errors "actually had an adverse effect on [petitioner's] defense." Id. at 693. It is not enough to show that an error conceivably could have influenced the result. Id. The attorney's error must have been so egregious as "to undermine confidence in the outcome," given the totality of the evidence before the

Case 7:05-cv-00195-JLK-mfu   Document 8   Filed 08/04/05   Page 2 of 4   Pageid#: 27

fact finder. Id. at 694. At a minimum, petitioner must demonstrate "a reasonable probability" that but for counsel's unprofessional errors, the result reached by a reasonable and impartial fact finder would have been different. Id. at 694-95. If it is clear that no prejudice resulted from the alleged error, the court need not inquire whether the error qualifies as incompetent representation. Strickland, 466 U.S. at 697.

Mariano-Diaz does not contest that he plead guilty and was sentenced in 1994 on one count of driving under the influence and one count of possession of an illegal substance. Rather, he claims that the convictions were deferred and improperly considered.[1] Under the federal sentencing guidelines the "term prior sentence means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nole contendere." U.S.S.G. § 4A1.2(a). Accordingly, as the crimes of which petitioner was convicted do not fall under any of the statutory exceptions listed in U.S.S.G. § 4A1.2(c), those crimes were properly considered in the pre-sentence report. Furthermore, under U.S.S.G. § 4A1.2(f), even those crimes resulting in a diversionary disposition from an admission of guilt are still properly counted as a prior sentence. As Mariano-Daiz's prior convictions were properly included in the pre-sentence investigation report, there was clearly no basis for counsel to make an objection. Accordingly, counsel's failure to object could not be reasonably shown to have in any way affected the outcome of the proceeding.

### III. Conclusion

Based on the foregoing, I find that Mariano-Diaz's claims are without merit and will grant

---

[1] The record indicates that following his guilty pleas in 1994, Mariano-Diaz was sentenced to a total of thirty days in jail, twenty of which were suspended, and his driver's license was suspended for a year and a half.

-3-

respondent's motion to dismiss. As such, petitioner's motion for relief pursuant to 28 U.S.C. §2255 is denied. An order in accordance with this Opinion will be entered today.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

ENTER: This 4th day of August, 2005.

/s/ Jackson L. Kiser
Senior United States District Judge

-4-

Case 7:05-cv-00195-JLK-mfu   Document 8   Filed 08/04/05   Page 4 of 4   Pageid#: 29